**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-00218-CMA-MEH

JAMES TIMOTHY RODGERS,

    Plaintiff,

v.

UNITED AIR LINES, INC., and
CITY AND COUNTY OF DENVER,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

---

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. # 19.) Plaintiff requests that the Court remand this case to Colorado state court, arguing that the Notice of Removal (Doc. # 1) filed by Defendant United Air Lines ("United") was improper. For the following reasons, Plaintiff's Motion is GRANTED. As such, the Court REMANDS the case to the District Court, City and County of Denver, Colorado, for further proceedings.

## I. BACKGROUND

Plaintiff originally brought this lawsuit in state court. Plaintiff's Complaint, filed on December 28, 2012, alleged that Plaintiff was injured when a door hit his head while he was deplaning a United flight at the Denver International Airport ("DIA"). (Doc. # 1-1,

¶ 2.)  Plaintiff brought claims against Defendants United and City and County of Denver for premises liability and negligence.[1]  (*Id.* at 5-9.)

The case is removed to this Court solely on the basis of diversity jurisdiction. Plaintiff admits that both he and Defendant Denver are citizens of Colorado; thus, complete diversity does not exist between the parties.  (*Id.*, ¶¶ 12-14.)  However, United argues that Denver has been fraudulently joined and should be disregarded for purposes of determining diversity jurisdiction.  (Doc. # 1 at 4-7.)  United does not argue that Plaintiff committed "outright fraud" in his Complaint.  (Doc. 22 at 3-4.)  Instead, United argues that Plaintiff has no viable claims against Denver because Plaintiff failed to allege sufficient facts to show that sovereign immunity does not apply to Denver; therefore, Denver is not a proper party to this lawsuit.  (*Id.*)

## II.  ANALYSIS

### A.  FRAUDULENT JOINDER STANDARDS

The diversity statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States."  28 U.S.C. § 1332(a). Section 1332(a) requires "complete diversity," *i.e.*, no plaintiff may be the citizen of a state of which any defendant is also a citizen.  *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).  Citizenship of all properly joined parties must be considered in determining diversity jurisdiction.  *See, e.g., Frontier Airlines, Inc. v. United Air Lines, Inc.,* 758 F. Supp. 1399, 1403 (D. Colo. 1989).  However, "[i]f the

---

[1] On February 4, 2013, Plaintiff and Continental Airlines filed a Joint Stipulation dismissing Continental with prejudice.  (Doc. # 11.)

plaintiff fails to state a cause of action against [the] resident defendant who defeats diversity, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and that party is disregarded for jurisdictional purposes. *See id.* at 1403-04.  This is not an easy showing to make.  A federal court may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, Rock Islands & Pac. R.R. Co.,* 378 F.2d 879, 882 (10th Cir. 1967).  In other words, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that the joinder was proper and remand the case to state court." *Frontier Airlines,* 758 F. Supp. at 1404.

     As with all cases, the party asserting the existence of federal jurisdiction bears the burden of establishing that such jurisdiction exists.  *See, e.g., Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir.2001).  United's burden here is substantial.  *See, e.g., Montano v. Allstate Indem.,* No. 99-2225, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000) (unpublished) (noting the "heavy burden on the party asserting fraudulent joinder").  Although the court may look beyond the pleadings to determine whether the joinder was fraudulent, *see Frontier Airlines,* 758 F. Supp. at 1404-05, the standard for such review "is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano,* 2000 WL 525592, at *2.  To that end, the federal court must "resolve any

doubts in favor of the Plaintiff and against the exercise of federal jurisdiction." *Torres v. Am. Fam. Mut. Ins. Co.,* No. 07-cv-1330, 2008 WL 762278, at *3 (D. Colo. Mar. 19, 2008). Moreover, a plaintiff need not show that all claims are proper; "remand is required if any one of the claims against the non-diverse defendant . . . is possibly viable." *Montano,* 2000 WL 525592, at *2. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Spataro v. Depuy Orthopaedics, Inc.*, No. CIV 08-0274 JCH/LAM, 2009 WL 382617, *5 (D.N.M. Jan. 9, 2009) (citing *Montano v. Allstate Indem.,* 2000 WL 525592, at *2).

As a threshold matter, United argues that factual allegations in Plaintiff's motion to remand that were not alleged in his complaint cannot be considered by this Court because the "motion to remand was unverified . . . so the new facts alleged are not proper evidence before the Court." (Doc. # 22 at 3) In so arguing, United cites to a case, which holds that "factual allegations in unverified pleadings are not 'evidence' to be considered in a factual inquiry" with regard to Fed. R. Crim. P. 41(g). (citing *United States v. Aguirre*, 245 F. App'x 801, 802-803 (10th Cir. 2007)). However, that case, which dealt with a criminal defendant's request for the equitable return of seized personal property, is inapposite here. A motion to remand often requires that a court consider unverified facts because it looks to the sufficiency of a party's pleading. *See Frontier Airlines,* 758 F. Supp. at 1404. Moreover, "[w]hile a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions

4

that the pleadings are deceptive." *Nerad v. AstraZeneca Pharmaceuticals, Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished). Thus, when defendants claim fraudulent joinder, the Tenth Circuit directs this Court to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means necessary." *Id.* (citing *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

### B. SOVEREIGN IMMUNITY

United contends Denver is protected by sovereign immunity and Plaintiff did not plead sufficient facts to establish that the dangerous condition exception applies.

The Colorado Governmental Immunity Act ("CGIA") provides "[a] public entity shall be immune from liability in all claims for injury which lie in tort or could lie in tort . . . ." Colo. Rev. Stat. § 24-10-106(1). Sovereign immunity is waived by a public entity in an action for injuries resulting from a dangerous condition of a public building. Colo. Rev. Stat. § 24-10-106(1)(c). Dangerous condition is defined as:

> (1) a physical condition of a facility or the use thereof,
> (2) that constitutes an unreasonable risk to the health or safety of the public,
> (3) which is known to exist or which in the exercise of reasonable care should have been known to exist, and
> (4) which condition is proximately caused by the negligent act or omission of the public entity or public employee in constructing or maintaining such facility.

*Walton v. State of Colorado*, 968 P.2d 636, 644 (Colo. 1998) (citing Colo. Rev. Stat. § 24-10-103(1)). United concedes that Plaintiff has satisfied elements one,

two, and three, but argues that Plaintiff failed to plead any facts related to element four.[2]  (Doc. # 22 at 6.)

United correctly points out that ownership alone will not constitute a waiver of immunity under the CGIA.  *See Swieckowski by Swieckowski v. City of Ft. Collins*, 934 P.2d 1380, 1384 (Colo. 1997) (ownership alone is not sufficient; plaintiff must show that the condition existed because of the government's act or omission in maintaining or constructing the condition rather than the design).  However, Plaintiff argues that his Complaint alleges that Denver knew the door to be dangerous and "unreasonably failed to **correct** the door's dangerous condition."[3]  (Doc. # 19 at 5) (emphasis added).  "[T]he government's duty to 'maintain' was intended by the legislature to mean a duty to restore a facility to the same condition as originally constructed."  *Swieckowski by Swieckowski*, 934 P.2d at 1384; *Walton*, 968 P.2d at 644-45.  The Court finds that by alleging that Denver failed to correct the dangerous condition, Plaintiff sufficiently alleged that Denver did not restore the door to the same condition as originally constructed.  *See Webster's Third New International Dictionary* 511 (1986) (defining

---

[2] United makes much of the fact that Plaintiff did not identify the door that caused his injury as the "jet bridge door" in his Complaint, arguing that "Plaintiff could have hit his head on either a door connected to an airplane or an unidentified door somewhere in DIA." (Doc. # 22 at 3 n. 3, 6 n. 4.)  However, United overstates this perceived ambiguity.  In a letter attached to the Notice of Removal, Plaintiff's counsel states that Plaintiff "hit his head on a door that was not fully raised when deplaning **into a jetway** at [DIA].  At that time, there was a dangerous condition **in the jetway**, which caused [Plaintiff] to hit his head." (Doc. #1-3) (emphasis added).  This sufficiently identified the door as in the jetway, as opposed to anywhere in DIA, and as discussed *supra*, the Court is permitted to look to the entire record to determine whether United's allegations of fraudulent joinder are substantiated.  *See Nerad, Inc.*, 203 F. App'x at 913.

[3] United also adopts this interpretation of Plaintiff's Complaint.  (Doc. # 22 at 5, 8.)

6

"correct" as "to make or set right" and "to alter or adjust so as to bring to some standard or required condition").

Further, Plaintiff alleged in his Complaint that Denver "created the danger presented by the door." (Doc. # 4, ¶ 102.)  Despite United's assertions to the contrary, this sufficiently raised the possibility that Denver negligently constructed the door in such a way that it constituted a dangerous condition under the CGIA.  *See Grizzell v. Hartman Enterprises, Inc.,* 68 P.3d 551, 553 (Colo. App. 2003) ("A complaint need not express all facts that support the claim, but need only serve notice of the claim asserted."); *see also Nerad*, 203 F. App'x at 913 ("[T]he claim need not be a sure thing, but it must have a basis in the alleged facts and the applicable law.")  Plaintiff was not required, as United argues, to allege negligence with regard to creating this danger. *Compare* (Doc. # 22 at 9) *with* Colo. Rev. Stat § 24-10-103(1.3) (a dangerous condition is "proximately cause by the negligent act **or omission** of the public entity") (emphasis added).[4]  Plaintiff alleged that Denver created the danger, knew or should have known of the danger, and unreasonably failed to exercise reasonable care to protect against the danger.  (*See* Doc. # 4, ¶¶ 102-05)  This tracked the language of the dangerous condition exception and sufficiently put Defendants on notice that Plaintiff intended to assert this exception to overcome Denver's sovereign immunity.  *See* Colo. Rev. Stat § 24-10-103(1.3) (a dangerous condition is "a physical condition of a facility . . . that constitutes an unreasonable risk to the . . . public, which is known to exist or which in the exercise of reasonable care should have been known to exist . . . ."); *Grizzell v.*

---

[4] The Court also notes that Plaintiff did raise this allegation in the context of his negligence claim.  (*See* Doc. # 4, ¶¶ 102-05, 107-10)

7

*Hartman Enterprises, Inc.,* 68 P.3d at 553 (the chief function of the complaint is to give notice to defendant of the transaction or occurrence that is the subject of plaintiff's claims). Thus, United did not meet its burden in proving that Plaintiff's claims against Denver are not possibly viable at the time of removal. See *Nerad*, 203 F. App'x at 913; *Montano,* 2000 WL 525592, at *2; *Smoot*, 378 F.2d at 882.

### III. ATTORNEY'S FEES

Plaintiff asks this Court to award attorney fees and costs incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). The Court does not agree that United had "no objectively reasonable basis for removal." See *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Although United did not meet its high burden to demonstrate fraudulent joinder with regard to Denver, *see Montano,* 2000 WL 525592, at *1, United presented plausible arguments regarding potential deficiencies in Plaintiff's Complaint. *See Martin*, 546 U.S. at 140 (the appropriate test for awarding fees should not undermine Congress' basic decision to afford defendants a right to remove as a general matter).

Furthermore, Plaintiff has not demonstrated that this case presents "unusual circumstances" that warrant an award of attorney fees and costs. *See id*. Plaintiff contends that United used removal proceedings to impermissibly forum shop and gain a substantive advantage by avoiding Colorado's liberal notice pleading standards. (Doc. # 19 at 6-7.) However, this advantage would exist only if removal was proper. Furthermore, after United filed its motion to dismiss, Plaintiff could have amended his complaint as a matter of course to comply with federal requirements. *See* Fed. R. Civ.

P. 15 (a party may amend its pleading within 21 days after service of a responsive pleading). Therefore, the Court does not view this case as one in which warrants attorney fees and costs.

## IV. CONCLUSION

Accordingly, it is ORDERED that Plaintiff's Motion to Remand to State Court (Doc. # 19) is GRANTED. This case is REMANDED to the District Court, City and County of Denver, Colorado, for further proceedings. The parties shall bear their own costs and fees associated with removal.

DATED:  May   09  , 2013

BY THE COURT:

*[signature: Christine M Arguello]*

_____
CHRISTINE M. ARGUELLO
United States District Judge